UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROESLEIN & ASSOCIATES, INC. et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:17 CV 1351 JMB |
| | ) | |
| THOMAS ELGIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Bridget L. Halquist and David Corwin's Motion to Withdraw (ECF No. 60). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On September 12, 2017, Defendant Thomas Elgin's ("Elgin") attorneys filed a Motion to Withdraw citing "professional considerations that require the termination of the representation." The attorneys represent on the face of the motion that Defendant Thomas Elgin has been provided of copy of the Motion to Withdraw via electronic mail and at his last known mailing address.

"Generally, this Court will not allow counsel to withdraw from representation unless substitute counsel enters an appearance for the client." Carpenters' Dist. Council of Greater St. Louis v. Evans Concrete, Inc., 2008 WL 5191338, at *1(E.D. Mo. Dec. 10, 2008).

This Court has adopted the Rules of Professional conduct adopted by the Supreme Court of Missouri, as amended by that Court. E.D. Mo. Local Rule 12.02. According to the Missouri Rules

of Professional Conduct, a lawyer may withdraw from representation of a client if the withdrawal can be accomplished without material adverse effect on the interests of the client or if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Missouri Rules of Professional Conduct 4-1.16(b). If an attorney's request to withdraw complies with these Rules, then it is "presumptively appropriate" to permit the attorney to withdraw. See Jo Ann Howard and Assocs., P.C. v. Cassity, 2012 WL 229316, at *1 (E.D. Mo. Jan. 25, 2012). In addition, "a lawyer … shall withdraw from representation of a client if … the lawyer is discharged." Id. at 4-1.16(a)(3).

Accordingly,

**IT IS HEREBY ORDERED** that Elgin's attorneys shall state, in writing and filed under seal and ex parte no later than October 10, 2017, the specific nature of the "professional considerations that require the termination of representation" such as they have been discharged by Elgin, see Rule 4-16(a)(3); believe that their representation of the defendant has been rendered unreasonably difficult as a result of defendant's actions, see Rule 4-16(b)(6); or if other good cause for withdrawal exists.

**IT IS FURTHER ORDERED** the attorneys shall also file an affidavit from Elgin wherein Elgin avers that he consents to his attorneys withdrawing their representation and that he is aware of the deadlines set forth in the Case Management Order and the pending motions in this case.

Dated this 28th day of September, 2017.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE