UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROESLEIN & ASSOCIATES, INC. and | ) | |
| ROESLEIN ALTERNATIVE ENERGY, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:17 CV 1351 JMB |
| | ) | |
| THOMAS ELGIN, ELGIN MEYER | ) | |
| BIOENERGY CO., J.S. MEYER | ) | |
| ENGINEERING, P.C., and M&K CHEMICAL | ) | |
| ENGINEERING CONSULTANTS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants J.S. Meyer Engineering, P.C. ("JSME"),

Elgin Meyer Bioenergy Co. ("EMB"), and M&K Chemical Engineering Consultants, Inc.'s

("M&K") (collectively "Meyer Defendants") Motions to Stay and for Reconsideration or

Certification for Interlocutory Appeal (ECF Nos. 150 and 151). Meyer Defendants seek to

certify for interlocutory appeal this Court's January 15, 2019, Memorandum and Order denying

in part and granting in part their Motions to Dismiss the First Amended Complaint. (ECF No.

131) Plaintiffs Roeslein & Associates, Inc. ("Roeslein") and Roeslein Alternative Energy, LLC

("RAE") (collectively "Plaintiffs") have filed a response in opposition to both motions, and the

issues are fully briefed. All matters are pending before the undersigned United States

Magistrate Judge with the consent of the parties, pursuant to 28 U.S.C. § 636(c). For the reasons

set forth below, Meyer Defendants' motions will be denied.

# I.    Background

Because the facts and procedural background are fully explained in this Court's previous Memorandum and Order, <u>Roeslein & Associates, Inc. v. Elgin</u>, Cause No. 4:17 cv 1351 JMB, 2019 WL 195089, at *1-6 (E.D. Mo. Jan. 15, 2019) ("Memorandum and Order"), only a short summary is necessary here.

On March 19, 2018, Plaintiffs filed their First Amended Complaint ("FAC") against Meyer Defendants and Thomas Elgin ("Elgin") (all Defendants collectively "Defendants"), alleging misappropriation of trade secrets under the Federal Defend Trade Secrets Act ("DTSA") (Count I), declaratory judgment of ownership of U.S. Patent Application No. 2016/0096761, entitled <u>Systems and Methods for Processing Organic Compounds</u> ("420 patent application") (Count II), breach of the Missouri Uniform Trade Secrets Act ("MUTSA") (Count III), breach of contract by Elgin (Count IV), breach of fiduciary duty by Elgin (Count V), and breach of contract by M&K (Count VI).  On March 28, 2018, Elgin filed an Answer, denying all allegations contained in the FAC.  On May 14, 2018, Meyer Defendants filed a Motion to Dismiss the FAC, and on July 2, 2018, M&K filed a Motion to Dismiss, joining EMB and JSME's motion as directed to Counts I, II, and III, but also asserting an additional argument in support of dismissal of those counts and Count VI.

Plaintiffs have consistently argued that Defendants' misappropriation of their trade secret information is continuing and ongoing by the continued prosecution of the patent application and the construction of the Roswell, New Mexico facility.

In the January 15, 2019, Memorandum and Order, the Court granted in part and denied in part Defendants' motions to dismiss.  Specifically, the Court denied the motions as to Count I and Count III, concluding Plaintiffs had pleaded sufficient facts to state a claim for relief

pursuant to the DTSA and MUTSA. Regarding Count I, the Court specifically found after careful consideration of the emerging DTSA case law and the statutory language of the DTSA, that "the DTSA applies to trade secret misappropriation that continues after the DTSA's enactment date, even if the misappropriation began before the enactment date." Roeslein, 2019 WL 195089, at *12. In support, the undersigned noted that in the FAC, "Plaintiffs alleged multiple uses of their trade secrets in the operation of the Roswell facility that continued to occur after the DTSA enactment date. Plaintiffs have properly asserted a continued and ongoing misappropriation claim by pleading that Defendants used their trade secret information to facilitate in the construction of the New Mexico Project and then continued by using technology at the facility developed by Plaintiffs. Accordingly, Plaintiffs have sufficiently stated a claim for continuing misappropriation by alleging some act of misappropriation occurring on or after May 11, 2016." Id. at 25-26. The Court dismissed Count II, Plaintiffs' claim for declaratory judgment of ownership of the patent application, for lack of subject matter jurisdiction. Counts IV and V were not at issue inasmuch as those counts are directed only to Elgin, and the Court denied M&K's motion to dismiss Count VI, which was directed only to M&K.

Now, Meyer Defendants want the Court to reconsider its Memorandum and Order denying their motions to dismiss the FAC or, in the alternative, to certify its Memorandum and Order for interlocutory appeal so they can ask the United States Court of Appeals for the Federal Circuit ("Federal Circuit") to hold as a matter of law, under these alleged facts, whether Plaintiffs have stated a plausible claim for relief under the DTSA by sufficiently alleging acts of misappropriation continuing after May 11, 2016, even if the misappropriation began before the enactment date.

## A. Meyer Defendants' Motion for Reconsideration or Certification for Interlocutory Appeal (ECF No. 151)

In response to the Court's Memorandum and Order, Meyer Defendants filed a Motion for Reconsideration or Certification for Interlocutory Appeal (ECF No. 151), focusing solely on the Court's decision regarding Count I, misappropriation of trade secrets under the DTSA. In support of their motion, Meyer Defendants allege that the Court erred in concluding Plaintiffs had stated a claim for relief pursuant to the DTSA because the FAC fails to allege that any acts of misappropriation occurred after May 11, 2016, the effective date of the DTSA. It is Meyer Defendants' position that an allegation of continuing and ongoing misappropriation is insufficient to state a claim for relief. Furthermore, Meyer Defendants contend that the alleged trade secrets were publicly disclosed prior to May 11, 2016, and thus there can be no claim for misappropriation under the DTSA. Therefore, Meyer Defendants request that this Court reconsider denying dismissal of Count I of the FAC.

In the alternative, Meyer Defendants request that the Court certify its Memorandum and Order for interlocutory appeal to the Federal Circuit. They allege that the Court's Memorandum and Order is based on a controlling question of law as to which there is a substantial ground for difference of opinion, because the district courts disagree on the appropriate standard for allegations of misappropriation that begin prior to and continue after the enactment of the DTSA. In addition, Meyer Defendants aver that an immediate appeal from the Memorandum and Order may materially advance the ultimate termination of the litigation because if Meyer Defendants prevail on appeal, the Court will lack subject matter jurisdiction over the remaining state law claims asserted by Plaintiffs. For these reasons, Meyer Defendants alternatively request that the Memorandum and Order be certified for interlocutory appeal and that this case be stayed pending that appeal.

In opposing Meyer Defendants' motion for reconsideration, Plaintiffs first note that although the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence, Meyer Defendants have not shown any manifest error of law or fact in the Court's Order, nor have they presented any newly discovered evidence. For this reason alone, Plaintiffs request that the Court deny the motion. Plaintiffs also argue that specific allegations of ongoing and continued misappropriation are sufficient to avoid dismissal at this stage in the case, and Plaintiffs aver that they made such allegations in their FAC. Finally, Plaintiffs argue that Meyer Defendants' position that the trade secrets were publicly disclosed prior to May 11, 2016, is incorrect. Plaintiffs contend that Meyer Defendants misappropriated a wide array of Plaintiffs' trade secrets, only some of which were alleged to be contained in the 420 patent application. Absent a showing by Meyer Defendants that all of Plaintiffs' trade secrets were contained in the 420 patent application, Plaintiffs contend their trade secret protection in all of the information that they claimed trade secret protection in prior to May 11, 2016, remains intact. Given that Plaintiffs plead specific allegations of ongoing and continued misappropriation in their FAC, and given that Meyer Defendants failed to demonstrate that all of Plaintiffs' trade secrets were disclosed prior to May 11, 2016, Plaintiffs request that the Court deny Meyer Defendants' motion for reconsideration.

With regard to Meyer Defendants' alternative request for certification for interlocutory appeal, Plaintiffs allege that Meyer Defendants have failed to meet the heavy burden necessary to show entitlement to an interlocutory appeal. Plaintiffs aver that there is no substantial ground for difference of opinion in a controlling question of law at issue, because district courts have widely recognized that the DTSA incorporates claims of continued and ongoing misappropriation. Furthermore, Plaintiffs contend that an immediate appeal would not

materially advance the ultimate termination of this action because the appellate court may reverse the dismissal of Count II, Plaintiffs' request for a declaratory judgment. Therefore, Plaintiffs contend that the Court should deny Meyer Defendants' alternative request for interlocutory certification.

In their reply brief, Meyer Defendants allege for the first time that a complaint alleging misappropriation under the DTSA must include a date. Given that the FAC does not identify a date for the alleged misappropriation, Meyer Defendants contend that Plaintiffs' allegations of ongoing and continued misappropriation fail to state a claim for relief under the DTSA. Meyer Defendants also argue that, contrary to Plaintiffs' contention, there is no burden imposed on them to demonstrate that all of Plaintiffs' trade secrets were listed in the 420 patent application and disclosed prior to May 11, 2016. In fact, Meyer Defendants note that if such a burden existed, it would be impossible for them to meet that burden given that the FAC fails to identify what trade secrets were misappropriated after May 11, 2016, or how those trade secrets are different from those that were made public prior to May 11, 2016. Therefore, Meyer Defendants aver that the FAC fails to state a claim and must be dismissed.

In response to Plaintiffs' arguments regarding Meyer Defendants' failure to meet their burden for certification for interlocutory appeal, Meyer Defendants allege that they demonstrated a substantial ground for difference of opinion because they have established that the question is one of first impression and that a difference of opinion exists. Furthermore, Meyer Defendants aver they have established that a decision will materially advance the ultimate termination of the litigation, as Meyer Defendants have alleged that if they win on appeal, this Court will lack subject matter jurisdiction over the remaining claims, resulting in resolution of the litigation.

Thus, Meyer Defendants allege that their alternative request that the Court certify its Memorandum and Order for interlocutory appeal to the Federal Circuit is proper.

**B. Meyer Defendants' Motion to Stay (ECF No. 150)**

Meyer Defendants request this Court stay this case pending the outcome of Elgin's bankruptcy proceedings. In support of their motion, Meyer Defendants note that the case has already been stayed as against Elgin pursuant to 11 U.S.C. § 362(a). Meyer Defendants contend that Plaintiffs' claims against each defendant are intertwined under Missouri law, making Elgin's liability central to and necessary for this case to continue. Furthermore, Meyer Defendants allege that, if this case is allowed to proceed, it will become a *de facto* claim against Elgin, which runs afoul of the automatic stay provisions of the bankruptcy laws. Thus, Meyer Defendants request that this case be stayed in its entirety pending the outcome of Elgin's bankruptcy proceedings.

In opposing the motion to stay, Plaintiffs advance two arguments: (1) the request to stay is moot because Elgin received a discharge of all claims in his bankruptcy case, including Plaintiffs' claims asserted against him in this case; and (2) Meyer Defendants have failed to allege any sufficient factual or legal justifications for the Court to grant the extraordinary relief of an extension of the automatic stay to third parties under 11 U.S.C. § 362 of the Bankruptcy Code or for the imposition of injunctive relief. Plaintiffs contend that, although Elgin is an integral part of this litigation because he is a joint tortfeasor with Meyer Defendants, the liquidation of claims in this case will have no impact on Elgin or his bankruptcy case. Elgin's involvement in the case will be limited to discovery and trial, and there will be no effort to assert or collect on Plaintiffs' claims against Elgin. Thus, Plaintiffs allege that liquidation of the asserted claims here will not adversely impact Elgin or his bankruptcy case, making Meyer

Defendants' motion moot. Furthermore, even if the motion is not moot, Plaintiffs allege that there is no basis for the Court to grant a stay in this case. Specifically, Plaintiffs aver that there are no unusual or unique circumstances that justify extension of the automatic stay to protect the interest of Meyer Defendants, and injunctive relief would similarly be improper because the requirements for such relief have not been met here. Thus, Plaintiffs request that the motion to stay be denied.

In their reply brief, Meyer Defendants allege that Elgin's bankruptcy proceedings are "very much alive," and thus Plaintiffs' statement that the proceedings are "all but technically over," is incorrect. Furthermore, Meyer Defendants contend that they are not suggesting that a stay pursuant to 11 U.S.C. § 362 be extended to them, nor are they seeking an indefinite preliminary injunction. Rather, Meyer Defendants allege that the need to assess, apportion, and allocate fault under a comparative fault statutory scheme, such as exists under Missouri law, is an unusual entanglement with a bankruptcy proceeding that justifies a short term stay of non-bankruptcy proceedings against non-debtors. Thus, Meyer Defendants contend that a stay is proper.

## II. Legal Standards

### A. Motion for Reconsideration[1]

The Court has the authority to reconsider its own interlocutory decisions, and the inherent authority to revise any order before entry of judgment. Fed.R.Civ.P. 54(b) (providing that "any order or other decision, however designated, that adjudicates fewer than all claims or the rights

---

[1] Meyer Defendants did not frame their motion for reconsideration under the Federal Rules of Civil Procedure, but it can be considered the functional equivalent of motion under either Rule 59(e) or 60(b). The Federal Rules of Civil Procedure do not mention motions for reconsideration, only motions to alter or amend judgments (under Rule 59) and motions for relief from judgments or order (under Rule 60). Neither of these rules applies here, because the Memorandum and Order Meyer Defendants seek to have reconsidered is not a final judgment or order, but rather an interlocutory or nondispositive decision.

and liabilities of fewer than all the parties … may be revised at any time before the entry of a judgment.").

"[A] motion for reconsideration serves the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence." United States v. Luger, 837 F.3d 870, 875 (8th Cir. 2016) (internal quotations omitted). Such a motion "is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." Julianello v. K-V Pharmaceutical Co., 791 F.3d 915, 923 (8th Cir. 2015). Although the Court has the power under Rule 54(b) to revisit its prior decisions, the Court "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" Evans v. Contract Callers, Inc., 2012 WL 234653, at *2 (E.D. Mo. Jan 25, 2012) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988)).

### B.    Motion for Interlocutory Appeal

Section 28 U.S.C. §1292(b) governs Meyer Defendants' motion:

> When a district judge, in making a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such order.

28 U.S.C. § 1292(b). In order to demonstrate the case is proper for interlocutory appeal, the movant must establish that "(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." Union County, Iowa v. Piper Jaffray & Co., Inc., 525 F.3d 643, 646 (8th Cir. 2008) (citing 28 U.S.C. § 1292(b)).

The Eighth Circuit has advised that "[t]he general purpose of section 1292(b) is to provide interlocutory appeal in exceptional cases … to avoid protracted and expensive litigation." Paschall v. Kan. City Star Co., 605 F.2d 403, 406 (8th Cir. 1979). Certification of an order for interlocutory appeal "must be granted sparingly" and "with discrimination." White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994) (internal quotations omitted). "'It has, of course, long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants.'" Id. (quoting Control Data Corp. v. Int'l Bus. Machs. Corp., 421 F.2d 323, 325 (8th Cir. 1970)). For this reason, "the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." Id. A substantial difference of opinion exists where there is "identification of a sufficient number of conflicting and contradictory opinions," but "a dearth of cases" is insufficient. Id. at 647 (internal quotations omitted).

### C.   Motion to Stay

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Id. at 254-55. In considering a motion to stay, this Court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties. See Lafoy v. Volkswagon Gp. of Am., Inc., 2016 WL 2733161, at *2 (E.D. Mo. May 11, 2016).

### III.   Discussion

### A.   Meyer Defendants' Motion to Stay

On September 28, 2018, Elgin filed a Chapter 7 Voluntary Bankruptcy Petitioner in the

United States Bankruptcy Court, Eastern District of Missouri.  <u>In re: Thomas W. Elgin</u>, Cause No. 18-46227.  On January 16, 2019, Meyer Defendants filed a Suggestion of Bankruptcy, which stated that Elgin had filed a bankruptcy action.  As a result, this case was stayed pursuant to the automatic stay provision of 11 U.S.C. § 362 as to Elgin on January 23, 2019.  The Bankruptcy Court entered a Debtor-Discharge Order and an Order Granting Compromise Settlement, allowing the Trustee to accept the sum of $3,000.00 for the purchase of 100% of Elgin's stock interests in J.S. Meyer Engineering, J.S. Meyer Holding Co., and J.S. Meyer Facility services. (ECF Nos. 19 and 27)

The discharge of debt in bankruptcy proceedings serves to lift the automatic stay of § 362.  <u>See</u> 11 U.S.C. § 362(c); <u>see</u> <u>e.g.</u>, <u>Hazelquist v. Guchi Moochie Tackle Co.</u>, 437 F.3d 1178, 1180 (Fed. Cir. 2006); <u>Country Mut. Ins. Co. v. Cronin</u>, 4:11 CV 1851 CAS, (ECF No. 79) (E.D. Mo. Aug. 13, 2013).  Because Elgin's debt has been discharged by the Bankruptcy Court, the stay of this case will be lifted.

### B.  Meyer Defendants' Motion for Reconsideration or Certification for Interlocutory Appeal (ECF No. 151)

The motion for reconsideration is an attempt to relitigate the issues which the Court thoroughly addressed in the Memorandum and Order.  Meyer Defendants' arguments in support of its motion for reconsideration are arguments that, albeit reframed, were raised and addressed in the Memorandum and Order.  Meyer Defendants have not identified any manifest errors of law or fact nor have they presented any newly discovered evidence warranting reconsideration. Meyer Defendants have also failed to establish exceptional circumstances warranting extraordinary relief.  The parties have had a fair opportunity to argue this matter.  The Court allowed for extensive briefing and arguments on the motions to dismiss.  Meyer Defendants have

not shown any significant error in the Court's Memorandum and Order that must be corrected. Accordingly, the motion for reconsideration will be denied.

As to their motion for certification for interlocutory appeal, Meyer Defendants point out that resolution of the issue of whether the DTSA "permit[s] a misappropriation claim based on the continued use of information that was disclosed prior to the effective date of the statute" could materially affect the outcome of the litigation in this Court because if the Federal Circuit finds that Plaintiffs have failed to state a claim for relief under the DTSA, the Court will not have subject matter jurisdiction for the remaining state law claims. Because this Court believes that its Memorandum and Order does not involve controlling questions of law on which there is substantial ground for difference of opinion and that an immediate appeal will not materially advance the ultimate termination of the litigation, the Court will not certify the order as appealable pursuant to 28 U.S.C. § 1292(b).

Under 28 U.S.C. § 1292(b), the Court may certify one of its orders for interlocutory appeal if it determines "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" While the Court appreciates Meyer Defendants candor, it believes that it reached the correct result in the Memorandum and Order. Meyer Defendants' contention that interlocutory appellate review of the Memorandum and Order is appropriate to resolve a split within the district courts and to obtain direction from the Federal Circuit to determine whether the DTSA "permit[s] a misappropriation claim based on the continued use of information that was disclosed prior to the effective date of the statute," is without merit.

The Court would give serious consideration to certifying an interlocutory appeal if there was a split among judges of the district courts or if it was arguable among reasonable jurists that this Court's determination was wrong. But in support of its holding, the Court relied on the emerging DTSA case law and the statutory language of the DTSA. Here, this Court can find no split among the courts that have addressed this precise issue. See, e.g., In re Regions Keegan, 741 F.Supp.2d 844, 854 (W.D. Tenn. 2010) (finding that "a single circuit addressing the issue and reaching a different conclusion does not create a substantial difference of opinion or evidence the extraordinary circumstances warranting an interlocutory appeal"). Likewise, the Court finds that the questions presented are not purely questions of law and would require the Federal Circuit to review the full record inasmuch as Meyer Defendants do not agree with the Court's finding that Plaintiffs have sufficiently alleged a prohibited act occurring after May 11, 2016. These questions require a full review of the facts, not simply a conclusion based on the law. Meyer Defendants have not shown that its proposed appeal involves controlling questions of law as to which there are grounds for substantial differences of opinion. Meyer Defendants have failed to meet its burden of showing that there exist extraordinary circumstances that warrant an interlocutory appeal.

Based on the foregoing, the Court finds that the elements for certification of interlocutory appeal are not met in the present case because this Court's Memorandum and Order granting in part and denying in part Meyer Defendants' motions to dismiss does not involve a controlling question of law appropriate for interlocutory review. Because this Court believes that its Memorandum and Order does not involve controlling questions of law on which there is substantial ground for difference of opinion and that an immediate appeal will not materially

advance the ultimate termination of the litigation, the Court will not certify the order as appealable pursuant to 28 U.S.C. 1292(b).  Accordingly,

**IT IS HEREBY ORDERED** that Meyer Defendants' Motion to Stay (ECF No. 150) is **Denied.**

**IT IS FURTHER ORDERED** that the stay of this case previously imposed (ECF No. 135) is **Lifted**.

**IT IS FURTHER ORDERED** that Meyer Defendants' Motion for Reconsideration or Certification for Interlocutory Appeal (ECF No. 151) is **Denied.**

The case will be set for a Rule 16 scheduling conference by separate Order.

/s/ *John M. Bodenhausen*

JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of November, 2019.